

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

06 July 2023

<u>Via CM/ECF</u>
Hon. Maria R. Hamilton
Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

   Re: *Berge v. School Committee of Gloucester, et al.*, No. 22-1954
     *Citation of Supplemental Authority*

Dear Clerk Hamilton:

Per Fed. R. App. P. Rule 28(j), Plaintiff-Appellant Inge Berge respectfully submits a supplemental authority: *Project Veritas v. Schmidt*, No. 22-35271 (9th Cir. Jul. 3, 2023) ("*Project Veritas*") (attached as **Exhibit A**).

It is relevant as Defendants-Appellees argue that the right to record is not protected under the First Amendment. (Opp. Brief at 17-25). More important, it supports the predicate right to record argued by Berge. (Brief at 21-25; Reply Brief at 1-10).

In *Project Veritas*, the state law regulated making audio and video recordings. *Id.* at *15. The Ninth Circuit held that creating audio and video recordings is "speech entitled to full First Amendment protection[.]" *Id.* at *18. The court ruled that the statute was content-based because the rules varied depending on what was being recorded. *Id.* at *19-20.

Here, Defendants-Appellees, while never providing a rule or policy, claimed that "[b]arring the recording of school business activities conducted in the GPS Administration Office (whether open or secret) is a content-neutral restriction[.]" (Opp. Brief at 19). Under *Project Veritas*, however, barring such recording is a content-based restriction subject to strict scrutiny because the rule varies depending on what is recorded. "Strict scrutiny requires the government to show that the speech restriction is narrowly tailored to address the State's compelling governmental interest." *Project Veritas*, at *23



(cleaned up). Defendants-Appellees asserted a privacy interest for government employees. (Opp. at 22) The Ninth Circuit held this does not serve a compelling interest to overcome strict scrutiny. *See Project Veritas* at *25. Furthermore, Defendants-Appellees' purported ban on recording school business activities is not narrowly tailored.

Moreover, under *Project Veritas,* even if the purported policy were content-neutral, it fails to leave open ample alternative channels for communication because the policy functions "as an absolute prohibition on a particular type of expression – the creation of unannounced audiovisual recordings" that capture candid responses from government officials. *Id.* at *36.

This Court should follow *Project Veritas* and hold Berge had the right to record. Else, should this Court agree with Defendants-Appellees on the issue of right to record, it will create a circuit split.

Sincerely,

Jay M. Wolman

cc:    John J. Davis
       *Attorney for Defendants-Appellees*

       Marc J. Randazza (Bar No. 90629)
       Robert J. Morris II (Bar No. 1205891)
       Mark. Trammell
       Joshua W. Dixon
       Eric A. Sell
       *Attorneys for Plaintiff-Appellant*