

Marc J. Randazza, JD, MAMC, LLM
Licensed in AZ, CA, FL, MA, NV

9 February 2024

Via CM/ECF

Maria R. Hamilton, Clerk of Court
U.S. Court of Appeals for the First Circuit

Re:   Fed. R. App. P. 28(j) Supp.; *Berge v. Gloucester* | Case No. 22-1954

Dear Ms. Hamilton:

At argument, the Court requested a Rule 28(j) submission on damages, nominal damages, and how the issues affect standing.

"[A]n award of nominal damages by itself can redress a past injury." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021). Moreover, Berge seeks more than just nominal damages. He was instilled with "fear[]". AA025, FAC, ¶ 33 and emotional distress damages are recoverable in §1983 actions. *See e.g. Chamberlin v. Stoughton,* 601 F.3d 25, 35 (1st Cir. 2010); *Carey v. Piphus*, 435 U.S. 247, 263-264 (1978). Accordingly, the defendants cannot escape the damages they caused by violating the clearly-established right to publish. *Jean v. Mass. State Police*, 492 F.3d 24, 33 (1st Cir. 2007).

Mr. Berge continues to maintain standing to pursue injunctive relief. *Friends of the Earth v. Laidlaw Envtl.*, 528 U.S. 167 (2000). Though counsel for Appellees asserted at oral argument that Appellees would not take further action, contra the threat at AA0019, this was without opportunity to consult with his clients to discuss the scope of that limitation – something an injunction would make clear. Nor does the representation bind them to not cooperate with any action the District Attorney might take, nor could that representation bind them to never seek to remove the content from social media. Accordingly, the requests for injunctive relief and damages remedies remain intact.

Thus, while Mr. Berge seeks more than nominal damages, nominal damages and injunctive relief, together or alone, confer standing for this Section 1983 action.

Sincerely,

Marc J. Randazza

cc:   Counsel of Record (via CM/ECF)

30 Western Avenue, Gloucester, Massachusetts 01930

mjr@randazza.com | 888.887.1776

*Berge v. School Committee of Gloucester, et al.*
Case No. 22-1954
Page 2 of 2



# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
MARC J. RANDAZZA

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 28(j) because the body of this letter contains 247 words, as identified by Microsoft Word.

/s/ Marc J. Randazza
MARC J. RANDAZZA